UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

WILLIAM DETTMANN,

    Petitioner,

v.      Case No: 5:18-cv-145-Oc-60PRL

SECRETARY, DEPARTMENT OF
CORRECTIONS and FLORIDA
ATTORNEY GENERAL,

    Respondents.
_____/

## ORDER DISMISSING PETITION WITH PREJUDICE

**I.  Status**

Petitioner, William Dettmann, an inmate of the Florida penal system, initiated this action by filing a Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (Doc. 1). Petitioner challenges a state court (Marion County, Florida) judgment of conviction for which he is serving a fifteen-year term of incarceration (id. at 1). Respondents filed a Response (Doc. 13) asserting this action is untimely filed and request dismissal of this case with prejudice.[1] Petitioner filed a Reply (Doc. 15) arguing that he initiated this action within his one-year federal habeas statute of limitations. This case is ripe for review.

---

[1] Attached to the Response are several exhibits. The Court cites the exhibits as "Resp. Ex."

## II.    <u>One-Year Limitations Period</u>

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) amended 28 U.S.C. § 2244 by adding the following subsection:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

## III.     Analysis

On July 30, 2014, Petitioner entered an open plea of *nolo contendere* to one count of sexual battery on a person 12 years of age or older but less than 18 by a person in familial or custodial authority (Resp. Ex. B). On September 16, 2014, the trial court adjudicated Petitioner guilty of the offense and sentenced him to a fifteen-year term of incarceration (Resp. Ex. F). Petitioner, with the help of appellate counsel, sought a direct appeal, and on May 19, 2015, the Fifth District Court of Appeal per curiam affirmed Petitioner's judgment and conviction without a written opinion (Resp. Ex. M). Petitioner's judgment and sentence became final ninety days later, on August 17, 2015. See Clay v. United States, 537 U.S. 522 (2003); Close v. United States, 336 F.3d 1283, 1285 (11th Cir. 2003) ("According to rules of the Supreme Court, a petition for certiorari must be filed within 90 days of the appellate court's entry of judgment on the appeal or, if a motion for rehearing is timely filed, within 90 days of the appellate court's denial of that motion." (citing Supreme Court Rule 13.3)). His one-year federal habeas statute of limitations began to run the next day, August 18, 2015.

Petitioner's one-year limitations period ran for 238 days until it was tolled on April 12, 2016, when Petitioner filed a Florida Rule of Criminal Procedure 3.850 motion for postconviction relief (Resp. Ex. P).[2] The trial court denied Petitioner's

---

[2] Respondents calculate that Petitioner filed his Rule 3.850 motion on day 239 of his one-year period (Resp. at 6). The Court infers that Respondents reached this calculation because they believe his one-year started on the same day that his judgment and sentence became final. However, when calculating a period of time that is stated in days or a longer unit, courts should exclude the day of the event that triggers the period. See Fed. R. Civ. P. 6(a)(1).

3

Rule 3.850 motion on August 3, 2016 (Resp. Ex. T). Petitioner appealed the trial court's order; and on August 22, 2017, the Fifth DCA per curiam affirmed the denial without a written opinion (Resp. Ex. BB). The Fifth DCA issued its mandate affirming the denial on September 20, 2017 (Resp. Ex. CC).

Nine days later, on September 29, 2017, Petitioner filed in the trial court a motion for rehearing (Resp. Ex. DD). Respondents argue, *inter alia*, that the motion for rehearing did not toll Petitioner's one-year limitations period because Petitioner failed to file it within fifteen days of the trial court's order denying his Rule 3.850 motion (Resp. at 7; see also Fla. R. Crim. P. 3.850(j)). In his Reply, however, Petitioner clarifies that his motion for rehearing was a request that the Fifth DCA reconsider its opinion affirming the trial court's postconviction denial (Reply at 1-2). He explains he "unfortunately" filed the motion for rehearing with the wrong court but that the motion "still counted to stop the clock" because the trial court should have forwarded the motion for rehearing to the appellate court for consideration (id. at 2). He indicates that despite the trial court's failure to transfer the motion, his one-year period remained tolled until the trial court denied the motion on November 3, 2017 (Reply at 1-2; see also Resp. Ex. EE).

Even if Petitioner's motion for rehearing, filed after the Fifth DCA issued its mandate, was somehow "timely" filed, it was surely not "properly" filed with "the court and office in which it must be lodged" as § 2244(d)(2) requires. See Artuz v. Bennett, 531 U.S. 4, 9 (2000) ("If, for example, an application is erroneously accepted by the clerk of a court lacking jurisdiction . . . it will be pending, but not

4

properly filed."); see also Sibley v. Culliver, 377 F.3d 1196, 1203 (11th Cir. 2004) (motion for postconviction relief was not properly filed because it was delivered to the wrong court, regardless of whether the court had a duty to correct the error); Goldsmith v. Sec'y, Fla. Dep't of Corr., No. 3:15-CV-135-MCR-GRJ, 2016 WL 4154145, at *5 (N.D. Fla. June 30, 2016), *rep. and recommendation adopted*, 2016 WL 4157341 (N.D. Fla. Aug. 2, 2016) (finding postconviction motion filed with wrong court did not toll the petitioner's one-year limitations period). Therefore, after the Fifth DCA issued its mandate, Petitioner's one-year limitations period recommenced the next day, September 21, 2017. It then ran untolled for an additional 127 days until it expired on January 26, 2018. Accordingly, the Court finds that the Petition, filed on February 16, 2018, is untimely filed.

Petitioner does not argue that he is entitled equitable tolling, and he fails to allege any facts supporting due diligence or extraordinary circumstances. See Lawrence v. Florida, 549 U.S. 327, 336 (2007); Cadet v. Fla. Dep't of Corr., 853 F.3d 1216, 1221 (11th Cir. 2017). Further, Petitioner does not assert actual innocence as a gateway to avoid enforcement of the one-year limitations period. See McQuiggin v. Perkins, 133 S. Ct. 1924, 1928 (2013). As such, this action is due to be dismissed.

Accordingly, it is

**ORDERED AND ADJUDGED**:

1. The Petition (Doc. 1) and this case are **DISMISSED with prejudice**.

2. The **Clerk of Court** shall enter judgment accordingly, terminate any pending motions, and close this case.

3. If Petitioner appeals this Order, the Court denies a certificate of appealability. Because the Court has determined that a certificate of appealability is not warranted, the **Clerk** shall terminate from the pending motions report any motion to proceed on appeal as a pauper that may be filed in this case. Such termination shall serve as a denial of the motion.[3]

**DONE AND ORDERED** at Tampa, Florida, this 27th day of January, 2021.

_/s/ Tom Barber_
**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**

Jax-7

C: William Dettman, #618601
Pamela J. Koller, Esq.

---

[3] The Court should issue a certificate of appealability only if Petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this substantial showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further.'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)). Here, after consideration of the record as a whole, the Court will deny a certificate of appealability.